IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:07CR152 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| BOBBY T. McCARTHER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 85) issued by Magistrate Judge F.A. Gossett recommending denial of the following motions filed by the Defendant, Bobby T. McCarther: for a bill of particulars (Filing No. 65); to compel the disclosure of informants (Filing No. 67); to sever (Filing No. 69); and to suppress the search of his residence and statements (Filing No. 71).  The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 88, 89) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).   The government filed a response (Filing No. 90).

The Defendant is charged in an Indictment as follows:

- beginning from an unknown date, but at least as early as January 1, 1996, and continuing through November 15, 2007, conspiracy to distribute and possess with intent to distribute a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 2, 841(a)(1) and 841(b)(1) (Count I);

- on or about April 27, 2007, using and carrying a firearm during and in relation to the crime charged in Count I, and possessing and discharging the firearm

- in furtherance of the crime charged in Count I, in violation of 18 U.S.C. §§ 924(c) and 2 (Count II);

- on or about April 27, 2007, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count III);

- on or about May 8, 2007, using and carrying a firearm during and in relation to the crime charged in Count I, and possessing the firearm in furtherance of the crime charged in Count I, in violation of 18 U.S.C. §§ 924(c) and 2 (Count IV);

- on or about May 8, 2007, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count V);

- criminal forfeiture of $38,775.00, in violation of 21 U.S.C. § 853 (Count VI);

- criminal forfeiture of a 1970 Chevrolet Impala, VIN 164690J169808, in violation of 21 U.S.C. § 853 (Cunt VII); and

- forfeiture of a .357 Magnum Dan Wesson revolver, serial # 163902, in violation fo 18 U.S.C. 924(d) and 28 U.S.C. § 2461(c) (Count VIII).

Following an evidentiary hearing, Magistrate Judge issued an oral Report and Recommendation[1] in which he concluded:

- the motion for a bill of particulars should be denied, as the bill of particulars provided (Filing No. 79) meets all necessary requirements;

- the motion to sever Count II from the remaining counts should be denied, as Count II is based on Count I as the required predicate count, and jury

---

[1]Judge Gossett issued a recommendation, as opposed to an order, with respect to the motions for a bill of particulars, to compel, and to sever.

> instructions can cure any potential prejudice resulting from evidence relating to Count II, including the possible testimony of the Defendant, being considered as to other counts;

- the motion to compel disclosure of the confidential informants should be denied, as the informant referred to in the search warrant application is a tipster rather than a percipient witness, and with respect to other informants the motion is in effect a premature request for Jencks Act material;

- the motion to suppress should be denied, because: testifying Officers Sackett, Watson, Baudler, and Paul were credible; McCarther made voluntary statements when he was being transported and when he saw his mother being transported to jail; otherwise, McCarther's statements were made after knowingly, voluntarily, and intelligently waiving his *Miranda* rights; and the affidavit in support of the search warrant contained sufficient probable cause for issuance of the warrant, and absent probable cause the good faith standard of *United States v. Leon,* 468 U.S. 897 (1984) applies.

(Filing No. 79, at 79-92.)

Judge Gossett's oral Report and Recommendation was followed by a summary written Report and Recommendation. (Filing No. 85.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole

3

or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a verbal account of the events surrounding the events relevant to the June 3 and 4, 2008, search of McCarther's residence and his arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 87). The Court also carefully viewed the evidence (Filing No. 82). Neither party has objected to Judge Gossett's statement of the facts. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety. Those findings are supplemented with the facts stated below.

On June 3, 2006, officers served a search warrant on McCarther's residence. The affidavit in support of the search warrant application stated that on June 3, 2006, officers were contacted by a reliable confidential informant ("CI") who said that the CI had been at a specific residence in Omaha, Nebraska, and saw McCarther leave that residence and sell crack cocaine in the front yard. The CI identified McCarther from a photograph. Officers performed a data check and found that McCarther was convicted on August 10, 1999, of possession of crack cocaine with intent to deliver and on December 16, 1999, of possession of marijuana with intent to deliver. Officers surveilled the residence for 24 hours prior to preparing the warrant application and observed vehicle and foot traffic consistent with drug trafficking. The affidavit stated that the CI had previously provided reliable information resulting in several felony narcotics arrests, the issuance of several search warrants, and the CI also previously participated in numerous controlled buys with

the affiant officers. The CI was not on probation, work release, or parole in Nebraska. A no-knock, night-time search warrant was issued. (Ex. 1.)

After officers were inside the one-story home, McCarther dove through a window at the back of the house and ran. (Filing No. 87 ("Tr."), at 28-29.) McCarther resisted officers' efforts to take him into custody, described as one officer grabbing McCarther's arm upon officers identifying themselves as police and telling him to stop. (*Id.*, at 30.) Officers wore plain clothes and raid vests with police markings. Officer Watson tazed McCarther, causing him to fall. (*Id.*, at 31.) McCarther continued to resist efforts to take him into custody, and a second five-second deployment of the tazer was administered. McCarther then complied and allowed officers to handcuff him. (*Id.*, at 34-35.) McCarther was coherent, oriented, appeared not to be in pain or distress, and was checked per normal procedure by a rescue squad. (*Id.*, at 35-37.) McCarther never lost consciousness. (*Id.*, at 43.)

Officer Baudler then advised McCarther of his *Miranda* rights. (*Id.*, at 47, 49.) McCarther made a brief statement outside after being advised of his rights. (*Id.*, at 49.) Officer Baudler then brought McCarther back inside the residence and joined other officers in searching the home. The search revealed a large amount of cash, crack cocaine, and ammunition. (*Id.*, at 50-51.) Officer Baudler then took McCarther to the basement and told him that officers had found crack cocaine and asked McCarther if he remembered the *Miranda* rights that were administered to him outside. McCarther responded affirmatively, and Officer Baudler told him that the *Miranda* rights still applied. Officer Baudler then questioned McCarther about the drugs. McCarther took responsibility for all of the drugs

5

and did not wish to cooperate with respect to other individuals. (*Id.*, at 51-52.) Officer Baudler took McCarther back to the living room, where others were present, including McCarther's mother (Joyce Talbert), her boyfriend, McCarther's younger brother, Antoine Hatten, and another relation named Johnny McCarther. (*Id.*, at 52.) As McCarther and his mother were leaving to be transported to jail, McCarther volunteered an incriminating statement. (*Id.*, at 53.) McCarther and his mother were transported in the same vehicle, and the two discussed the drugs and residue found in the home. This discussion was not prompted by any police questioning. (*Id.*, at 54.) At the jail, McCarther was processed and booked. (*Id.*, at 55.) McCarther never asserted his right to remain silent, and he did not request a lawyer. (*Id.*, at 56-57.)

## ANALYSIS

McCarther essentially objects to the entirety of Judge Gossett's Report and Recommendation and requests oral argument. (Filing No. 88.) In the supporting brief, McCarther raises the same arguments as those initially presented. The government's response has also been considered. The objections are discussed below.

### *Motion for Bill of Particulars*

The government filed a seven-page bill of particulars, together with copies of two letters from the AUSA to defense counsel. Together, the bill of particulars and the attachments spell out in some detail the alleged dates of McCarther's involvement in the conspiracy and the expected testimony of cooperating and other witnesses. The summary includes dates, estimated drug quantities, information relating to McCarther's alleged

possession of firearms, and McCarther's relationship with Gailyn Wright that is the basis for Count II. (Filing No. 79.)

The purpose of a bill of particulars is to inform a defendant of the charges with enough detail to allow for preparation of a defense and to avoid surprise at trial. *United States v. Shepard,* 462 F.3d 847, 860 (8th Cir.), *cert. denied*, 127 S. Ct. 838 (2006). The information provided in this case fulfills this purpose. Through its continued argument of the bill of particulars issue, defense continues to request the early dissemination of Jencks Act material. The defense argues that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), requires further detail regarding drug quantity. However, this argument is misplaced, as under the guidelines that are now advisory, the sentencing court may find facts that enhance the base offense level by a preponderance of the evidence, as long as the court does not exceed the statutory maximum allowed based on the facts found by the jury and any facts admitted by the defendant. *United States v. Roberson,* 517 F.3d 990, 990 (8th Cir. 2008); *United States v. Hessman,* 493 F.3d 977, 984 (8th Cir. 2007), *cert. denied,* 128 S. Ct. 1100 (2008). For these, the objection is denied.

***Severance***

McCarther argues that Count II, charging under 18 U.S.C. § 924(c) that he used or carried during and in relation to, and possessed and discharged in furtherance of, the crime charged in Count I, should be severed. He argues that severance should be granted under Federal Rule of Evidence 14(a) because Count II is essentially a homicide charge that is prejudicial, and he also argues that joinder under Federal Rule of Criminal Procedure 8(a) is improper because Count II is unrelated to the other charges.

The offense alleged in Count II is related to the other allegations in the Second Superseding Indictment. The date of the offense is within the time frame of the conspiracy alleged in Count I. Count II clearly relates to Count I as indicated by the language of Count II. The Defendant also argues that his Fifth Amendment right will be compromised by a trial of Count II together with the remaining counts, as he intends to testify with respect to Count II but not the other counts. This issue, however, is easily remedied through jury instructions. Finally, a § 924(c) count requires a predicate drug trafficking allegation. *United States v. Knox,* 950 F.2d 516, 518 (8th Cir. 1991). Therefore, even assuming that the Defendant's arguments were meritorious, severance of Count II is impossible since the § 924(c) count cannot stand alone. The objection is denied.

***Motion to Compel***

The Defendant seeks the disclosure of the identities of numerous confidential informants, in particular the CI whose information led to the issuance of the search warrant of the Defendant's residence.

Disclosure of a CI is not required unless "it is vital to a fair trial." *United States v. Bourbon,* 819 F.2d 856, 860 (8th Cir. 1987). Disclosure is not vital to a fair trial where the CI in question is a "tipster," that is one who only conveys information and has not participated in the offense. *Id.* In McCarther's case, the CI who provided the information recited in the affidavit in support of the search warrant application acted only as a tipster. The CI saw a drug deal in the front yard of the residence but did not participate in the alleged offense. Therefore, disclosure of this witness's identity is not vital to a fair trial.

Regarding the other CIs, under the Jencks Act the government need not disclose prior statements or reports of testifying witnesses until after the witnesses' direct testimony. 18 U.S.C. § 3500.  Earlier disclosure of this information, which would reveal the identity of the cooperating witnesses, is not required.  *United States v. Byrne,* 83 F.3d 984,  990-91 (8th Cir. 1996); *United States v. Manthei,* 979 F.2d 124, 1129 (8th Cir. 1992).  Nevertheless, in this case the government has agreed to provide Jencks Act material two weeks before trial.  (Filing No. 90, at 4.)  The objection is denied.

***Motion to Suppress***

McCarther argues that the search warrant affidavit lacked probable cause.  He bases his argument primarily on the fact that the information in the affidavit was largely received from a CI.

A probable cause determination is a "fluid, nontechnical judgment" made after a "practical, common sense evaluation" of the totality of the circumstances.  *Illinois v. Gates,* 462 U.S. 213, 238 (1983); *United States v. Katzeback,* 358 F.3d 987, 991 (2004).  "When the affidavit is based substantially on information provided by an informant, evidence of the informant's reliability, veracity, and basis of knowledge is highly relevant to the probable cause determination and may occasionally be critical."  *Katzeback,* 358 F.3d at 991.

In this case, the affidavit states that the CI witnessed a drug transaction in the front yard of the residence in question during which McCarther sold crack cocaine.  The CI stated that McCarther sold crack cocaine at all hours of the day and night and was actively selling at the time in question.  The CI knew McCarther and also identified him from a picture.  A check of McCarther's record revealed two prior drug trafficking convictions

9

involving crack cocaine and marijuana. Officers surveilled the residence during the twenty-four hours prior to preparing the affidavit and saw foot and vehicle traffic in and out of the home consistent with illegal narcotics trafficking. The affidavit indicated the CI's reliability, stating that the CI has previously given information to the affiant officers that led to several felony narcotics arrests and the issuance of several search warrants. The CI made numerous controlled buys under the supervision of the affiant officers. The CI was not on probation, work release or parole in Nebraska. The CI's reliability was well established, and information provided was corroborated. Clearly, probable cause existed for the issuance of a search warrant for the residence in question.

Even if probable cause were found to be lacking, the evidence obtained during the search would be admissible under the good faith standard set out in *United States v. Leon,* 468 U.S. 897 (1984). Under the good faith exception, it was objectively reasonable for a police officer to have relied in good faith on the county court judge's probable cause determination in issuing the warrant. *See id.* at 922.

For the reasons discussed, the objection is denied.

## CONCLUSION

The Defendant's objections to Judge Gossett's Report and Recommendation are denied, and his request for oral argument is denied. The Report and Recommendation is adopted in its entirety and supplemented with the facts stated in this Memorandum and Order.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 85) is adopted in its entirety;

2. The Defendant's objections to the Report and Recommendation (Filing No. 88) are denied;

3. The following motions filed by the Defendant, Bobby T. McCarther, are denied: for a bill of particulars (Filing No. 65); to compel the disclosure of informants (Filing No. 67); to sever (Filing No. 69); and to suppress the search of his residence and statements (Filing No. 71); and

4. The Defendant's request for oral argument is denied.

DATED this 4th day of April, 2008.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge