IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:07CR152 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| BOBBY T. McCARTHER, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

This matter is before the Court on the United States' Motions for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing Nos. 43, 107).[1] The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, VI, VII and VIII of the Second Superseding Indictment. Count I charges the Defendant with conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Counts VI and VII of the Second Superseding Indictment seek the forfeiture, pursuant to 21 U.S.C. § 853, of $38,775.00 in United States currency (Count VI) and a 1970 Chevrolet Impala, VIN 164690J169808, on the basis that those items were used or intended to be used to facilitate the controlled substance violation in Count I, were derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation in Count I, or both. Count VIII of the Second Superseding Indictment seeks the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a .357 Magnum Dan Wesson revolver, serial

---

[1]The motion at Filing No. 107 amends the previously filed motion at Filing No. 43 in light of the Second Superseding Indictment.

no. 163902, on the basis that it was involved or used in the knowing commission of the offense charged in Count I.

2. By virtue of his plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 107) is granted.

B. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 43) is denied as moot.

C. Based on Counts I, VI, VII and VIII of the Second Superseding Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the 1970 Chevrolet Impala, VIN 164690J169808, the $38,775.00 in United States currency and the .357 Magnum Dan Wesson revolver, serial no. 163902.

C. The Defendant's interest in those properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the United States of America forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner

as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 9th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge