## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| BOBBY T. McCARTHER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"). The Defendant did not file objections to the PSR as required by the ¶ 6 of the Order on Sentencing Schedule (Filing No. 106). According to the Addendum to the PSR, objections were initially submitted to the probation officer under ¶ 4 of the PSR. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

### ¶ 42 - Number of Prior Drug Felony Convictions

The objection is denied for the reason stated in the Addendum to the PSR. Three prior drug convictions appear in ¶¶ 79, 83 and 87.

The Court is aware from the colloquy at the change of plea hearing that the Defendant may be attempting to object to the Information (Filing No. 55) alleging three prior convictions resulting in a mandatory life sentence. However, the Defendant has not filed a written response to the Information as required by 21 U.S.C. § 851(c). Absent compliance with the procedure outlined in § 851, the Court need not address this matter at sentencing. The objection to ¶ 42 is denied.

### ¶¶ *45, 50, 51, and 53 - Government's Version of the Offense*

The Court is not at liberty to change the government's version of the offense. The Court notes that the Defendant did not submit a version of the offense.

### ¶ *58 - Obstruction of Justice*

The objection will be heard at sentencing. The government bears the burden by a preponderance of the evidence. It is noted that defense counsel has not formally filed an objection to this enhancement as required.

### ¶ *59 - Acceptance of Responsibility*

The Defendant objects to receiving a 2-level, as opposed to a 3-level, reduction, arguing that the 2-level reduction does not follow the plea agreement. The plea agreement provides: "If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, *and if that paragraph otherwise applies,* the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b)." (Filing No. 104, ¶ 2(a) (emphasis added).)

The objection will be heard at sentencing. The Defendant bears the burden by a preponderance of the evidence. It is noted that the objection was not formally made as required.

### ¶¶ *61-70, 123-124 - Guideline Computation*

The objection is made to the entire guideline calculation, and according to the Addendum the informal objection is to the "total offense level." (Addendum to PSR.)

Absent more detail, the Court is unable to determine the nature of the objection, and it is noted that a formal objection was not made as required. The objection is denied.

***¶¶ 72-94, 123-124 - Criminal History Category***

The blanket objection is made to the entirety of the criminal history convictions as reported and the criminal history calculation, without specific objections. (Addendum to PSR.) It is noted that no formal objection was filed as required. The Court does not look with favor on blanket objections. It does not appear that counsel investigated the nature of the objections on an individual basis by requesting records that may be in the possession of the probation officer before filing the blanket objections. The objection is denied.

**CONCLUSION**

The Defendant faces life imprisonment. (PSR, ¶ 123-124.) The parties discussed with the magistrate judge at the change of plea hearing the need for two days for a sentencing hearing. (Filing No. 129, at 26.) Two hours have been reserved, on July 28, 2008, at 1:30 p.m. (Filing No. 106.) Defense counsel has not followed the required procedure set out in 21 U.S.C. § 851 for objecting to the Information alleging prior convictions (Filing No. 55) filed on November 16, 2007. Defense counsel also has not followed required procedures for objecting to the PSR. (Filing No. 106, ¶ 6.) Defense counsel should note that the Court routinely does not entertain blanket, non-specific objections to the entirety of the guideline computation or criminal history. Moreover, both counsel are cautioned that oral statements made at a change of plea hearing or at any other time do not qualify as objections required either under § 851 or the Order on

3

Sentencing Schedule and do not serve to reserve an extended time period for a sentencing hearing if required procedures for objecting to an Information or the PSR are not followed.

If the parties require more or less than two hours for sentencing, the following must occur: defense counsel must immediately comply with § 851 and ¶ 8 of the Order on Sentencing Schedule; and following defense counsel's adequate compliance with § 851 and ¶ 8 of the Order on Sentencing Schedule counsel must immediately contact Edward Champion by e-mail, Edward_Champion@ned.uscourts.gov, or Janet Bartels by telephone, tel. 402-661-7323, and schedule the required time for the sentencing hearing.

IT IS ORDERED:

1.      The Defendant's Objections to the following paragraphs of the Presentence Investigation Report (Addendum) are denied, noting that procedures under 21 U.S.C. § 851 and ¶ 6 of the Order on Sentencing Schedule (Filing No. 106) were not followed: ¶ 42 (3 Prior Convictions); ¶¶ 45, 50, 51 & 53 (Government's Version of the Offense); ¶¶ 61-70, 123-124 (Guideline Computation); and ¶¶ 72-94, 123-124 (Entirety of Criminal History, and related computation);

2.      The following objections submitted by the Defendant to the probation officer but not filed as required under ¶ 6 of the Order on Sentencing Schedule (Filing No. 106) will be heard at sentencing: ¶ 58 (obstruction of justice; government has burden); and ¶ 59 (acceptance of responsibility; Defendant has burden);

3.      Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

4

challenging these tentative findings that adheres to the requirements of ¶ 8 OF THE Order on Sentencing Schedule, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5