IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| BOBBY T. McCARTHER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections to the PSR (Filing No. 116). The Court has also reviewed the Defendant's response to the Information listing his alleged prior convictions and the supporting brief (Filing Nos. 17, 18). The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## OBJECTIONS TO PSR

### ¶¶ 58, 65 - OBSTRUCTION OF JUSTICE

The objection will be heard at sentencing. The government bears the burden by a preponderance of the evidence.

### ¶¶ 59, 67 - ACCEPTANCE OF RESPONSIBILITY

The Defendant objects to receiving a 2-level, as opposed to a 3-level, reduction, arguing that the 2-level reduction does not follow the plea agreement. The plea agreement provides: "If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, *and if that paragraph otherwise applies,* the United States hereby moves that the Court reduce the Defendant's offense

level by one additional level, pursuant to U.S.S.G. § 3E1.1(b)." (Filing No. 104, ¶ 2(a) (emphasis added).)

The objection will be heard at sentencing. The Defendant bears the burden by a preponderance of the evidence.

**¶ 61 - BASE OFFENSE LEVEL**

The objection is related to the objection made to the Information allegedly establishing prior convictions. The Defendant argues that the base offense level is appropriately determined not under U.S.S.G. § 2D1.1(d)(1) but rather under U.S.S.G. § 2D1.1(a)(3) and that the government must prove the drug quantity beyond a reasonable doubt at sentencing.

The objection to the application of § 2D1.1(d)(1) will be heard at sentencing, and the burden is on the government by a preponderance of the evidence. However, if the government fails to meet its burden of proof on the application of § 2D1.1(d)(1) and if the base offense level would be determined under § 2D1.1(a)(3), the Defendant is reminded that the parties agreed in the plea agreement that the Defendant would be held responsible beyond a reasonable doubt for at least 10 kilograms of a mixture or substance containing cocaine base and that the base offense level would be 38. Therefore, absent unusual circumstances the plea agreement would be honored and the drug quantity agreed upon by the parties would be used to assign base offense level 38. The government would not be required to prove the drug quantity.[1]

---

[1]The Defendant is advised that, if the government would be required to prove drug quantity, the correct standard would be by a preponderance of the evidence rather than beyond a reasonable doubt. *United States v. Minnis,* 489 F.3d 325, 329 (8th Cir. 2007), *cert. denied,* 128 S. Ct. 1097 (2008).

**¶ 62 - ROLE**

The Defendant objects to the 4-level enhancement under U.S.S.G. § 3B1.1(a) for his alleged role as a leader of a drug conspiracy that was "otherwise extensive" in that the conspiracy allegedly lasted more than 10 years. (PSR, ¶ 62.) The Court notes the parties' recommendation in the plea agreement that the Defendant's role should be increased by 2 levels under U.S.S.G. § 3B1.1(c) due to his leadership role in the offense. (Filing No. 35, ¶ 6(b).) In light of the plea agreement, absent unusual circumstances the plea agreement will be honored and the objection granted, and the Defendant's role enhancement is 2 levels under § 3B1.1(c).

**¶ 63 - USING A MINOR TO COMMIT A CRIME**

The Defendant objects to the 2-level enhancement under U.S.S.G. § 3B1.4 for using a minor to commit a crime. The objection will be heard at sentencing, and the government bears the burden by a preponderance of the evidence.

**¶¶ 72-94, 123-124 - CRIMINAL HISTORY CATEGORY**

*Overstatement of Criminal History Category*

The Defendant objects to being placed in criminal history category V, arguing that his criminal history category is overstated. This argument is not in the nature of an objection but rather a motion for downward departure under U.S.S.G. § 4A1.3.

First, the Court notes the parties' plea agreement stating that the Defendant is a career offender and criminal history category VI most accurately reflects his criminal history. (Filing No. 35, ¶ 6(d).)

3

Aside from the discrepancy between the plea agreement and the request for a downward departure, the parties' plea agreement provides that "[t]he Defendant agrees not to make any motion requesting a downward departure based on U.S.S.G. §§ 5H11.1-5H1.12 and/or 5K2.0-5K2.23. The Defendant agrees not to seek or suggest a sentence reduction via variance or reduction seek or suggest a sentence reduction via variance or deviation from the Guidelines for any reason." (Filing No. 35, ¶ 6(c).)

Because the request is precluded by the cited sections of the plea agreement, the objection is denied.

### *¶ 85 - Prior Offense*

The Defendant objects to being assessed 3 criminal history points for an offense listed in ¶ 85. However, he is assessed 1 point rather than 3 points criminal history point in ¶ 85. The Defendant might have intended to refer to ¶ 87.

The improper paragraph reference aside, the Court notes that the parties agreed in the plea agreement that the Defendant is a career offender and that criminal history category VI most accurately reflects his criminal history. (Filing No. 35, ¶ 6(d).) The PSR assigns the Defendant to criminal history category V. Even if the Defendant is successful on his challenge to the base offense level in ¶ 61, assuming the accuracy of the parties' stipulation regarding career offender status and the parties' agreement regarding drug quantity, it appears that the career offender provision, U.S.S.G. § 4B1.1, would apply and raise the Defendant's criminal history category to VI.

The objection is denied.

**OBJECTION TO INFORMATION ALLEGING PRIOR CONVICTIONS**

The Defendant objects to the Information alleging prior convictions. He argues that the alleged convictions cannot be used to enhance his sentence under 21 U.S.C. § 851 because they became final during the period of the conspiracy in Count I of the Second Superseding Indictment, to which he pleaded guilty.[2]

Count I of the Second Superseding Indictment states that the conspiracy began on "an unknown date but at least as early as January 1, 1996," and continued through November 15, 2007. The government's version of the offense as stated at the change of plea hearing, as well as the PSR, referred to a May 8, 2007, search of the Defendant's home during which incriminating evidence was found. (Filing No. 109 (Plea Transcript), at 21-22; PSR, ¶ 47.) The Information alleges that the Defendant pleaded guilty to two prior convictions on or about December 8, 1999, and to one prior conviction on or about February 17, 2000. (Filing No. 55.)

In *United States v. Johnson,* No. CR08-4006-MWB, 2008 WL 656055, at *2 (N.D. Iowa Mar. 6, 2008), this identical argument was rejected. In determining that a prior state conviction that occurred during the time of the federal conspiracy was properly considered a "prior" conviction, the court relied on Eighth Circuit opinions in which the circuit court held that "when overt acts in furtherance of a conspiracy occur after the date of a previous conviction, then the previous conviction may be considered 'prior' for purposes of applying

---

[2]The Court notes the plea agreement stating that the parties agree that the Defendant is a career offender. However, the plea agreement does not specify the qualifying prior convictions.

5

a sentencing enhancement." *Id.* (citing *United States v. Funchess,* 422 F.3d 698, 703 (8th Cir. 2005); *United States v. Titlbach,* 339 F.3d 692, 697 (8th Cir. 2003)).

The objection relating to the timing of the alleged prior convictions is denied. However, the Court will grant the Defendant's request for a hearing to require the government to provide proof of the existence of the alleged prior convictions.

## CONCLUSION

Absent further changes to the guideline calculation, the Court tentatively finds: a 2-level upward adjustment for role in the offense is applied under § 3B1.1(c); and otherwise the guideline calculation follows the calculation set out in the PSR.  The total offense level is 47, the criminal history category is V, and the guideline range is life imprisonment. Therefore, even if the Defendant is successful on his challenge to the Information alleging prior convictions, unless his guideline calculation changes as a result of an evidentiary hearing, he nevertheless faces a term of life imprisonment.

IT IS ORDERED:

1.	The Defendant's objection to ¶ 62 of the Revised Presentence Investigation Report is granted;

2.	The Defendant's objections to ¶¶ 58 and 65 (obstruction of justice), 59 and 67 (acceptance of responsibility), 61 (base offense level), 63 (using a minor to commit a crime) will be heard at sentencing;

3.	The Defendant's objections to ¶¶ 72-94, 123-124 (overstatement of criminal history, and prior conviction listed in ¶ 85) are denied;

4.  The Defendant's objection to the Information alleging prior convictions (Filing No. 117) based on the timing of the prior conviction in relation to the conspiracy in Count I of the Second Superseding Indictment is denied; and

5.  The Defendant's request for an evidentiary hearing to require the government to prove the existence of the alleged prior convictions alleged in the Information is granted;

6.  Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

7.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings that adheres to the requirements of ¶ 8 of the Order on Sentencing Schedule, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

8.  Absent submission of the information required by paragraph 7 of this Order, my tentative findings may become final;

9.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

10. If the parties need more than 2 hours for the sentencing hearing, they must immediately contact Edward Chambers or Janet Bartels and change the hearing date.

DATED this 31st day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge