IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR152** |
| Plaintiff, | ) | |
| | ) | **SECOND AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **BOBBY T. McCARTHER,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections to the PSR (Filing No. 116). The Court has also reviewed the Defendant's response to the Information listing his alleged prior convictions and the supporting brief (Filing Nos. 17, 18). The Court advises the parties that these Second Amended Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory. Finally, these Second Amended Tentative Findings are issued taking into account the second plea agreement (Filing No. 104) entered into, as the Amended Tentative Findings erroneously considered the first plea agreement (Filing No. 35).

### OBJECTIONS TO PSR

#### ¶¶ 58, 65 - OBSTRUCTION OF JUSTICE

The objection will be heard at sentencing. The government bears the burden by a preponderance of the evidence.

#### ¶¶ 59, 67 - ACCEPTANCE OF RESPONSIBILITY

The Defendant objects to receiving a 2-level, as opposed to a 3-level, reduction, arguing that the 2-level reduction does not follow the plea agreement. The plea agreement

provides: "If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, *and if that paragraph otherwise applies,* the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b)." (Filing No. 104, ¶ 2(a) (emphasis added).) The objection will be heard at sentencing. The Defendant bears the burden by a preponderance of the evidence.

### ¶ 61 - BASE OFFENSE LEVEL

The objection is related to the objection made to the Information allegedly establishing prior convictions. The Defendant argues that the base offense level is appropriately determined not under U.S.S.G. § 2D1.1(d)(1) but rather under U.S.S.G. § 2D1.1(a)(3) and that the government must prove the drug quantity beyond a reasonable doubt at sentencing.

The objection to the application of § 2D1.1(d)(1) will be heard at sentencing, and the burden is on the government by a preponderance of the evidence. The Defendant is advised that the correct standard is by a preponderance of the evidence rather than beyond a reasonable doubt. *United States v. Minnis,* 489 F.3d 325, 329 (8th Cir. 2007), *cert. denied,* 128 S. Ct. 1097 (2008).

### ¶ 62 - ROLE

The Defendant objects to the 4-level enhancement under U.S.S.G. § 3B1.1(a) for his alleged role as a leader of a drug conspiracy that was "otherwise extensive" in that the conspiracy allegedly lasted more than 10 years. (PSR, ¶ 62.) The objection will be heard at sentencing, and the burden is on the government by a preponderance of the evidence.

### ¶ 63 - USING A MINOR TO COMMIT A CRIME

The Defendant objects to the 2-level enhancement under U.S.S.G. § 3B1.4 for using a minor to commit a crime. The objection will be heard at sentencing, and the government bears the burden by a preponderance of the evidence.

### ¶¶ 72-94, 123-124 - CRIMINAL HISTORY CATEGORY

*Overstatement of Criminal History Category*

The Defendant objects to being placed in criminal history category V, arguing that his criminal history category is overstated. This argument is more properly raised as a motion for downward departure under U.S.S.G. § 4A1.3. The matter will be heard as a motion for downward departure at sentencing.

*¶ 85 - Prior Offense*

The Defendant objects to being assessed 3 criminal history points for an offense listed in ¶ 85. However, he is assessed 1 point rather than 3 points criminal history point in ¶ 85. The Defendant might have intended to refer to ¶ 87.

The objection to ¶ 85 is denied.

### OBJECTION TO INFORMATION ALLEGING PRIOR CONVICTIONS

The Defendant objects to the Information alleging prior convictions. He argues that the alleged convictions cannot be used to enhance his sentence under 21 U.S.C. § 851 because they became final during the period of the conspiracy in Count I of the Second Superseding Indictment, to which he pleaded guilty.

Count I of the Second Superseding Indictment states that the conspiracy began on "an unknown date but at least as early as January 1, 1996," and continued through

November 15, 2007.  The government's version of the offense as stated at the change of plea hearing, as well as the PSR, referred to a May 8, 2007, search of the Defendant's home during which incriminating evidence was found.  (Filing No. 109 (Plea Transcript), at 21-22; PSR, ¶ 47.)  The Information alleges that the Defendant pleaded guilty to two prior convictions on or about December 8, 1999, and to one prior conviction on or about February 17, 2000.  (Filing No. 55.)

In *United States v. Johnson,* No. CR08-4006-MWB, 2008 WL 656055, at *2 (N.D. Iowa Mar. 6, 2008), this identical argument was rejected.  In determining that a prior state conviction that occurred during the time of the federal conspiracy was properly considered a "prior" conviction, the court relied on Eighth Circuit opinions in which the circuit court held that "when overt acts in furtherance of a conspiracy occur after the date of a previous conviction, then the previous conviction may be considered 'prior' for purposes of applying a sentencing enhancement."  *Id.* (citing *United States v. Funchess,* 422 F.3d 698, 703 (8th Cir. 2005) and *United States v. Titlbach,* 339 F.3d 692, 697 (8th Cir. 2003)).

The objection relating to the timing of the alleged prior convictions is denied.  However, the Court will grant the Defendant's request for a hearing to require the government to provide proof of the existence of the alleged prior convictions.

IT IS ORDERED:

1.      The Defendant's objection to ¶¶ 58 and 65 (obstruction of justice), 59 and 67 (acceptance of responsibility), 61 (base offense level), 62 (role), and 63 (using a minor to commit a crime) will be heard at sentencing;

2.      The Defendant's objection to ¶ 85 (prior conviction) is denied;

3.      The Defendant's "objection" to ¶¶ 72-94, 123-124 will be heard as a motion for downward departure based on the issue of overstatement of criminal history;

4

4. The Defendant's objection to the Information alleging prior convictions based on the timing of the prior conviction in relation to the conspiracy in Count I of the Second Superseding Indictment (Filing No. 117) is denied; and

5. The Defendant's request for an evidentiary hearing to require the government to prove the existence of the alleged prior convictions alleged in the Information is granted;

6. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

7. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings that adheres to the requirements of ¶ 8 of the Order on Sentencing Schedule, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

8. Absent submission of the information required by paragraph 7 of this Order, my tentative findings may become final;

9. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

10. If the parties need more than 2 hours for the sentencing hearing, they must immediately contact Edward Chambers or Janet Bartels and change the hearing date.

DATED this 1st day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge