IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:07CR152 |
| v. | |
| BOBBY T. MCCARTHER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

On May 7, 2008, defendant Bobby T. McCarther ("McCarther") pleaded guilty pursuant to a written plea agreement (Filing No. 104) to conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. The drug-trafficking conspiracy spanned more than ten years and involved a familiar mix of drugs, guns, and money. After a thorough sentencing hearing, the Court accepted McCarther's plea agreement and sentenced him to life in prison. McCarther's sentence was based in part on his prior drug convictions and other criminal history. *See* 21 U.S.C. § 851.

Under the terms of the plea agreement, McCarther also agreed to plead guilty to a first-degree-murder charge in the District Court of Douglas County, Nebraska. He reportedly shot and killed Gailyn Wright, Jr. ("Wright") because he thought Wright stole a large amount of cash from him. The murder charge likewise drew a life sentence. McCarther's federal and state life sentences are concurrent. He is currently incarcerated at the Tecumseh State Correctional Center, subject to a federal detainer.

Now before the Court is McCarther's Motion for a Reduced Sentence (Filing No. 148) under Section 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 404(b) authorizes district courts to impose reduced sentences for qualifying defendants "as if sections 2 and 3 of the Fair Sentencing Act of 2010 [("FSA")] . . . were in effect at the time the covered offense was

committed." *Id.*; *see also United States v. Howard*, 962 F.3d 1013, 1014 (8th Cir. 2020) ("Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the [FSA] may, in its discretion, impose a reduced sentence."). Noting he has already served more than sixteen years, McCarther seeks a sentence of time served.

Upon initial review (Filing No. 151) of McCarther's motion, the Court appointed counsel to represent him, obtained an updated Retroactive Sentencing Worksheet from the U.S. Probation and Pretrial Services Office (Filing No. 150), and ordered briefing on McCarther's request. This matter is now fully briefed and ready for decision.

"A district court applying the First Step Act 'proceeds in two steps, first determining whether the defendant is eligible for a reduction and then deciding whether to exercise its discretion to grant such reduction.'" *United States v. Robinson*, 9 F.4th 954, 956 (8th Cir. 2021) (per curiam) (quoting *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021)). Nothing in the First Step Act requires the Court to reduce a sentence under § 404(b). *See id.* (citing First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222).

Here, the parties agree McCarther is eligible for a sentence reduction. *See*, *e.g.*, *United States v. Spencer*, 998 F.3d 843, 846 (8th Cir. 2021) ("[T]he First Step Act casts a wide net at the eligibility stage." (alteration in original) (quoting *United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020))). They also agree as to the effect of the First Step Act on McCarther's potential sentencing range. Though he originally faced a mandatory life sentence under §§ 846 and 841(b)(1)(A), McCarther's recalculated statutory range is 10 years to life, and his advisory United States Sentencing Guidelines range is 168 to 210 months (level 31, category V). *See* 18 U.S.C. § 841(b)(1)(B); *United States v. Holder*, 981 F.3d 647, 651 (8th Cir. 2020) ("When a defendant . . . is eligible for Section 404 relief, the First Step Act requires the court to determine the amended guidelines range *before* exercising its discretion whether to grant relief.").

That leaves just one important question for the Court to answer—whether to exercise its discretion to reduce McCarther's sentence. In making that decision, the Court "may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison)." *Concepcion v. United States*, 597 U.S. ___, ___, 142 S. Ct. 2389, 2396 (2022). On that question, the parties disagree.

McCarther makes both principled and practical arguments. Observing § 404 was "enacted to remedy the gross inequities associated with those convicted of crimes involving cocaine base ('crack') still serving sentences under 21 U.S.C. 841(b)'s former 100:1 ratio," McCarther asserts his life sentence "is one of those wrongs Congress sought to rectify" with the First Step Act. He contends a reduced sentence would help address (1) the "irrational and unfair" sentencing disparity between him and a similarly situated defendant sentenced after the FSA and First Step Act became law and (2) the "discriminatory impact" of "the still existing disparity in sentencing between crack and powder cocaine offenses." *See* 18 U.S.C. § 3553(a)(2)(A), (6). McCarther further argues his life sentence is far greater than necessary to serve both the general and specific deterrent purposes of sentencing. *See id.* § 3553(a)(2)(B).

On a more practical level, McCarther states he expects to spend the rest of his life in prison based on his state sentence regardless of what happens with his federal sentence. But he contends reducing his federal sentence to time served would "alleviate small inconveniences without any threat to the public." For example, McCarther asserts "he has been told that his federal detainer prevents him from being transferred for [dental and medical] treatment that is not considered medically necessary." McCarther argues a sentence reduction would also show that the Court understands he is not the same man he was when he was involved in drug-trafficking and has tried to rehabilitate himself in prison.

Of course, the government sees things differently. It focuses on the length of the charged conspiracy; the large quantity of drugs involved; McCarther's use of guns in furtherance of the conspiracy; and his extensive criminal history, which includes escape

3

and murder. In the government's view, the handful of programs McCarther has completed in prison—while commendable—do not offset the decade he spent leading a large drug-trafficking operation that took a life and harmed his community. The government also argues McCarther has not adequately explained the impact reducing his federal sentence to time served might have on his state sentence.

The Court takes some of the government's arguments with a grain of salt. The government emphasizes drug quantity, McCarther's leadership role in the conspiracy, and his alleged use of a minor. But McCarther aptly raises some lingering questions about the proper drug quantity attributable to him, and the government acknowledges it "chose not to pursue" sentencing enhancements on the above-listed grounds "at sentencing due to the life sentence expected to be imposed." While the government's decision may have been perfectly reasonable based on the circumstances at the time, it is hard-pressed at this late date to claim the benefit of arguments it did not make, evidence it did not present, and contested enhancements it did not prove at sentencing.

Yet even with that caveat, the Court finds the government's position on sentencing in this case more persuasive. *See*, *e.g.*, *United States v. Harris*, 960 F.3d 1103, 1107 (8th Cir. 2020) ("A district court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence."). The Court cannot look past the nature and seriousness of McCarther's criminal conduct, his extensive criminal history, and the danger he presents to the public.

In reviewing the § 3553(a) factors and sentencing McCarther to life in 2008, the Court found that the overriding concern was isolating McCarther and incapacitating him "for the longest period of time" to ensure "he no longer poses a threat to society." That threat has surely abated some over time but not so much as to warrant a sentence reduction in these circumstances. McCarther also received significant benefits under the omnibus plea agreement with federal and state prosecutors. And the Court is not convinced on this record that the public is sufficiently and indubitably protected by his state sentence as

4

McCarther suggests, let alone that a reduced sentence would serve all the fundamental purposes of sentencing.

For those reasons, defendant Bobby T. McCarther's Motion for a Reduced Sentence (Filing No. 148) is denied.

IT IS SO ORDERED.

Dated this 3rd day of November 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge